UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 HICHAM ELHORR, M.D., and
D-3 LAMA ELHORR,

    Defendants.
_____/

Case No. 13-20158

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT LAMA ELHORR'S MOTION TO QUASH (ALREADY EXECUTED) SEARCH WARRANT [99]**

At a hearing held on October 29, 2014, this criminal matter alleging charges involving health care fraud came before the Court on Defendant Lama Elhorr's motion to quash (already executed) search warrant [ECF No. 99], joined by Defendant Hicham Elhorr [ECF No. 101]. Specifically, Defendant Lama Elhorr[1] moves this Court for an order quashing the search warrant authorizing a search at her Medicare billing company – Advanced Medical Billing Professionals, LLC ("Advanced Medical"). She also asks the Court to suppress the evidence seized when that search warrant was executed. Defendant Lama Elhorr's motion is DENIED.

The challenged statements in the search warrant affidavit were both reliable and corroborated by independent information. The affidavit established probable cause to

---

[1]Defendant identifies herself as Lama Elorr.

believe evidence of fraudulent Medicare billing would be located at Advanced Medical – the place to be searched, and the search warrant was sufficiently particular. It was tailored to the specific evidence and records related to the criminal investigation of health care fraud. Finally, even if the Court were to find a Fourth Amendment violation, the *Leon* good faith exception would apply.

**I.     Background**

On September 19, 2012, Special Agent James Grzeszczak of the United States Department of Health and Human Services Office of Inspector General applied for, and received, a search warrant for two premises: (1) the business premises of House Calls Physicians, PLLC ("House Calls Physicians"), located at 6842 Park Avenue, Allen Park, Michigan 48101; and (2) the personal residence of a House Calls Physicians' employee, Sakina Hakim, in West Bloomfield, Michigan. The items to be seized included medical files and other listed documents as well as electronic records and devices. The same affidavit supported both search warrant requests. (Def.'s Mot., Ex. 1, 9/19/12 Aff.)

The supporting affidavit provided the following. The search was sought to seize evidence of health care fraud, in violation of 18 U.S.C. § 1347, and health care fraud conspiracy, in violation of 18 U.S.C. § 1349. (*Id.*, ¶ 4.) The Agent's investigation revealed that Defendant Hicham Elhorr led and directed a scheme in the Detroit Metro area through his ownership of House Calls Physicians and involved his employing unlicensed physicians, physician assistants, and other unlicensed persons who purported to provide physician home visits that Defendant would bill to Medicare as if a licensed physician had rendered the services. (*Id.*, ¶¶ 5-6.) In support of the application for a search warrant, the affidavit sets forth relevant information supporting probable cause. This includes (1) complaints to

Medicare about House Calls Physicians and Defendant Hicham Elhorr; (2) interviews with former House Calls Physicians' employees; (3) interviews of House Calls Physicians' beneficiaries; and (4) House Calls Physicians' Medicare data analysis. (*Id.*, ¶¶ 27-56.)

On September 20, 2012, the search warrant for Defendant Hicham Elhorr's business premises was issued and executed.

On September 20, 2012, Special Agent James Grzeszczak also applied for and received a search warrant for Advanced Medical, located at 6842 Park Avenue, Suite 3, Allen Park, Michigan. (Gov't Resp., Ex. A, 9/20/12 Search Warrant Appl.; Attach. A, Location to be Searched; Attach. B, items to be seized; Search Warrant Aff.; Attach. C, Search Warrant Aff. for House Calls Physicians, PLLC, and 6730 Maple Creek Boulevard, E.D. Mich. Case No. 12-mc-51300 C.) The affidavit supporting the search of Advanced Medical provided the following.

The search was sought to seize evidence of health care fraud, in violation of 18 U.S.C. § 1347, and health care fraud conspiracy, in violation of 18 U.S.C. § 1349. (Def. Lama Elhorr's Mot., Ex. 1, Search Warrant Aff., ¶ 8.) The affidavit incorporated Agent Grzeszczak's lengthy and detailed search warrant affidavit supporting the searches of House Calls Physicians, PLLC and the residence located at 6730 Maple Creek Boulevard (discussed in Defendant Hicham Elhorr's motion to suppress [96]). (*Id.*, Ex. 2, Search Warrant Aff., E.D. Mich. Case No. 12-mc-51300 C.)

As to the search of Advanced Medical, Agent Grzeszczak averred that on September 20, 2012 at around 7:30 a.m. he and other agents executed a search warrant on House Calls Physicians. Once the agents entered, they performed a safety sweep. (*Id.*, Ex. 1, Search Warrant Aff., ¶¶ 5-6.) Within the premises located at 6842 Park Avenue, the agents

found a locked, interior door with a piece of paper stating "AMBP, Suite 3." (*Id.* at ¶ 6.) The office manager for House Calls Physicians informed the agents that "AMBP" stands for Advanced Medical Billing Professionals, owned by Lama Elhorr. Lama Elhorr is the sister of Dr. Hicham Elhorr, and Dr. Hicham Elhorr is the owner of House Calls Physicians. (*Id.*)

Both Dr. Hicham Elhorr and the office manager for House Calls Physicians informed the agents that Advanced Medical submits the Medicare claims for House Calls Physicians. Agent Grzeszczak, referencing the incorporated and attached search warrant affidavit for House Calls Physicians, stated that there is probable cause to believe that House Calls Physicians is submitting false and fraudulent claims to Medicare for services that are medically unnecessary and/or never rendered. (*Id.* at ¶ 7.) Accordingly, probable cause existed that instrumentalities, evidence, and fruits of criminal health care fraud would be found at 6842 Park Avenue, Suite 3, Allen Park, Michigan – the business premises of Advanced Medical, the entity that submitted House Calls Physicians' Medicare billings. (*Id.* at ¶ 8.)

On September 20, 2012, the search warrant for Advanced Medical was issued by Magistrate Judge Mark Randon and executed.

On February 28, 2013, a federal grand jury returned an indictment against Defendant Hicham Elhorr, M.D. charging him with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 (Count 1); and with six counts of health care fraud in violation of 18 U.S.C. §§ 1347 and 2. On November 27, 2013, a federal grand jury returned a First Superseding Indictment against Hicham Elhorr, M.D., Ali Elhorr, M.D., Lama Elhorr, and Kelly White charging all Defendants with one count of health care fraud conspiracy, in

violation of 18 U.S.C. § 1349; Hicham Elhorr with ten counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2; Ali Elhorr with four counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2; and Lama Elhorr with two counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2. (ECF No. 42.)

The charges stem from a multi-million dollar Medicare fraud scheme that Dr. Elhorr is alleged to have led and directed through his solely-owned home visiting physician practice called House Calls Physicians. The Superseding Indictment alleges that Hicham Elhorr and his co-conspirators submitted false claims to Medicare for services not rendered and not medically necessary, including billings for physician home visits that licensed physicians did not provide. Also, Hicham and Ali Elhorr signed documents certifying patients as homebound and referred them for millions of dollars worth of home health services – services that were subsequently billed to Medicare – when, in fact, neither Hicham nor Ali Elhorr had seen or diagnosed the patients. It is further alleged that Hicham and Ali Elhorr improperly prescribed Medicare beneficiaries controlled substances and allowed others, including unlicensed individuals, to prescribe Medicare beneficiaries controlled substances under their names.

This criminal matter is now before the Court on Defendant Lama Elhorr's motion to quash the search warrant authorizing a search at her Medicare billing company – Advanced Medical Billing Professionals, Inc. – and to suppress the evidence seized.

## II.  Analysis

Each of Defendant Lama Elhorr's arguments for suppression claim that Agent Grzeszczak's supporting affidavit lacked probable cause. In order to determine if the Affidavit established probable cause, the Court must look to the totality of the

circumstances, including the veracity and basis of knowledge of persons supplying hearsay information. *See Illinois v. Gates*, 462 U.S. 213 (1983). "Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (internal quotation marks and citation omitted). "[R]eviewing courts are to accord the magistrate's [probable cause] determination great deference." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (*en banc*) (internal quotation marks and citation omitted). Despite Defendant's claims to the contrary, the challenged affidavit provided the issuing judge with a "substantial basis for . . . conclud[ing] that probable cause existed." *Gates*, 462 U.S. at 238-39 (internal quotation marks and citation omitted).

### A. Statements From Dr. Hicham Elhorr And/Or Individual Identified as House Calls Physicians' Office Manager Were Reliable and Independently Corroborated

In her motion, Defendant Lama Elhorr first argues that the search warrant affidavit supporting the search of Advanced Medical's premises lacked probable cause because Agent Grzeszczak did not attest to the reliability of statements made to him and other agents by Dr. Hicham Elhorr and the office manager present at the search of House Calls Physicians and because Agent Grzeszczak failed to independently corroborate their statements. The challenged statements are (1) that the office manager for House Calls Physicians informed the agents that "AMBP" stands for Advanced Medical Billing Professions and was owned by Defendant Lama Elhorr (*id.* at ¶ 6), and (2) that the office manager and Co-Defendant Dr. Hicham Elhorr told the agents that Advanced Medical submitted Medicare claims on behalf of House Calls Physicians (*id.* at ¶ 7).

Contrary to Defendant's arguments here, the supporting affidavit for the search of

Advanced Medical, as well as the incorporated supporting affidavit for the search of House Calls Physicians, establish the reliability of the challenged statements and provide additional corroborating information. "The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *Allen*, 211 F.3d at 975.

First, "[p]robable cause for the issuance of a search warrant may be based on an informant's hearsay information, but the issuing judge must have a basis for finding that the informant is reliable, truthful, and in a position to know the information provided." *United States v. Goodwin*, 552 F. App'x 541, 546 (6th Cir.), *cert. denied*, ___ U.S. ___, 134 S. Ct. 2324 (May 19, 2014). In situations where the hearsay information comes from "a confidential informant or an anonymous tipster," the Sixth Circuit has observed that the veracity, reliability and "basis of knowledge of the tipster or informant" should "not be applied rigidly as a test, but should be considered in weighing all the circumstances." *United States v. Gunter*, 551 F.3d 472, 479-480 (6th Cir. 2009). "Deficiencies in one criterion may be made up for by a strong showing in another." *Goodwin*, 552 F. App'x at 546-47. Moreover, the Sixth Circuit has consistently rejected arguments that "an unidentified confidential informant's statements need *always* be corroborated by an independent police investigation." *United States v. May*, 399 F.3d 817, 823 (6th Cir. 2005) (emphasis in original). Rather, independent corroboration is required "only if there is an 'absence of any indicia of the informants' reliability.'" *Id.* (quoting *Allen*, 211 F.3d at 976).

Here neither Dr. Hicham Elhorr nor the individual identified as the office manager at House Calls Physicians was an anonymous tipster or confidential informant. Rather, Dr. Hicham Elhorr's identity was disclosed to the affiant and to the magistrate judge, and he

personally provided information to the law enforcement agents conducting the House Calls Physicians' search. His statements are thus considered more reliable. *See May*, 399 F.3d at 823 (observing that "[a]n informant's tip is considered to have greater reliability, and therefore to be more supportive of a finding of probable cause, if the affidavit avers that the name of the confidential informant has been disclosed to the issuing Judge.").

The incorporated-by-reference supporting affidavit for the search of House Calls Physicians' business premises also establishes a sufficient "basis of knowledge" for Dr. Hicham Elhorr's statements. That affidavit provided that Dr. Hicham Elhorr is the owner of House Calls Physicians, that he is a Medicare provider, and that he has submitted claims to the Medicare program through billing companies. (Gov't Resp., Ex. B, Supporting Aff. at ¶¶ 13-14.) Because he submitted his Medicare claims through billing companies, Dr. Hicham Elhorr would have direct, personal knowledge whether Advanced Medical was a billing company he used. Further, because he made a statement against his own interest, this factor weighs in favor of its credibility. *See Goodwin*, 552 F. App'x at 547 (observing that "[p]eople do not lightly admit a crime and place critical evidence in the hands of the police in the form of their admission" and concluding that the defendant's "in-person admission and the disclosure of his identity to the magistrate judge support a finding that [the defendant]'s statement was supported by sufficient idicia of reliability.") (internal quotation marks and citation omitted). Dr. Hicham Elhorr's statements were also corroborated by statements of the individual identified as the office manager of House Calls Physicians.

Like Dr. Hicham Elhorr, the office manager's identity was known to Agent Grzeszdzak, the affiant. Even though she was not personally identified in the supporting affidavit, she

was not an anonymous source. *See United States v. Dyer*, 580 F.3d 386, 391-92 (6th Cir. 2009) (observing that the statements of an informant . . . whose identity was known to the police and who would be subject to prosecution for making a false report, are . . . entitled to far greater weight than those of an anonymous source."). Moreover, the supporting affidavit establishes that the office manager of House Calls Physicians made in-person statements to the law enforcement agents who were conducting a search of House Calls Physicians' premises where the "AMBP" marked, closed door was located, telling them that "AMBP" stood for Advanced Medical Billing Professionals, that the business was owned by Lama Elhorr, and that Advanced Medical submits Medicare claims for House Calls Physicians. Because she was employed by House Calls Physicians, the office manager had a basis of knowledge for the information she volunteered to the law enforcement agents. That her statements were corroborated by those of Dr. Hicham Elhorr further weigh in favor of their credibility. *See United States v. Lancaster*, 145 F. App'x 508, 511 (6th Cir. 2005) (observing that other Circuit Courts of Appeal have found that "consistency between the two reports of two informants could be sufficient corroboration to support a finding of probable cause.").

Based on the totality of the circumstances, the statements of Dr. Hicham Elhorr and the office manager were sufficiently reliable and corroborated to support a finding of probable cause.

### B. The Search Warrant Affidavit Established Probable Cause To Believe Evidence of Fraudulent Medicare Billing Would Be Located At the Place to be Searched

Despite Defendant Lama Elhorr's claims to the contrary, the supporting affidavit along with the incorporated-by-reference House Calls Physicians' supporting affidavit provided

the issuing magistrate judge with a substantial basis to conclude that probable cause existed to believe that Advanced Medical submitted claims to Medicare on House Calls Physicians' behalf, that House Calls Physicians caused the submission of fraudulent claims to Medicare for services that were not provided, and that evidence of fraudulent Medicare billing would be located at Advanced Medical – the place to be searched.

Probable cause to search the location identified in the search warrant will be found if there is "a fair probability, given the totality of circumstances, that contraband or evidence of a crime will be found in a particular place." *Davidson*, 936 F.2d at 859 (internal quotation marks and citation omitted). Moreover, "reviewing courts are to accord the magistrate's [probable cause] determination great deference." *Allen*, 211 F.3d at 973.

Here, in the affidavit supporting the search of Advanced Medical, the affiant averred that, while executing a search at House Calls Physicians' premises, law enforcement agents encountered a locked, interior door labeled "AMBP, Suite 3." (Gov't Resp., Ex. A, Aff. at ¶ 6.) The affiant further averred that the office manager of House Calls Physicians informed the law enforcement agents that "AMBP" stood for Advanced Medical Billing Professionals; that Advanced Medical was owned by Hicham Elhorr's sister, Lama Elhorr; and that both the office manager and Hicham Elhorr told the law enforcement agents that Advanced Medical submitted Medicare claims for House Calls Physicians. (*Id.* at ¶¶ 6-7.)

That affidavit also incorporates by reference the affidavit supporting the search of House Calls Physicians. (*Id.* at ¶ 4.) The House Calls Physicians' supporting affidavit establishes probable cause to believe that House Calls Physicians submitted false Medicare claims. Consideration of the supporting affidavit for the search of Advanced Medical along with the incorporated-by-reference supporting affidavit for the search of

House Calls Physicians provided the issuing magistrate judge with a substantial basis to conclude that probable cause existed that evidence of House Calls Physicians' fraudulent Medicare billing would be found in the offices of its Medicare biller – Advanced Medical. Contrary to Defendant Lama Elhorr's arguments here, the relevant nexus is between Advanced Medical and House Calls Physicians, not between Lama Elhorr and Advanced Medical.

For all the above reasons, the affidavit supporting the search of Advanced Medical established "a fair probability" that evidence of House Calls Physicians' false Medicare billing would be found at Advanced Medical's business premises. *See Gates*, 462 U.S. at 238.

### C. The Search Warrant Was Sufficiently Particular

Defendant Lama Elhorr also argues that the Advanced Medical search warrant lacked particularity as to the items to be seized. Defendant's argument is rejected.

The Sixth Circuit, addressing the "particularity" warrant requirement, has observed the following legal principles:

> It is well settled that items to be seized pursuant to a search warrant must be described with particularity to prevent the seizure of one thing under a warrant describing another. However, we have recognized that the degree of specificity in a warrant must be flexible, depending upon the type of items to be seized and the crime involved. Thus, a description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit. We also have agreed with the Second Circuit's conclusion that once a category of seizable papers had been adequately described, with the description delineated in part by an illustrative list of seizable items, the Fourth Amendment is not violated because the officers executing the warrant must exercise some minimal judgment as to whether a particular document falls with the described category.

*United States v. Blair*, 214 F.3d 690, 697 (6th Cir. 2000) (internal quotation marks and citations omitted).

-11-

In *Blair*, the Sixth Circuit upheld the validity of a warrant authorizing the search of a defendant's home in a drug and money laundering investigation. *Id.* at 696-97. Rejecting the defendants' argument that the search warrant lacked particularity, the *Blair* court reasoned:

> Here, the warrant described the items to be seized as "[b]ooks, records, receipts, notes, ledgers, airline tickets, money orders, passports, and other papers relating to the transportation, importation, ordering, sale, and distribution of controlled substances." The warrant also authorized seizure of records of financial transactions and "electronic equipment to aid them in their drug trafficking activities." Thus, the warrant specified that the records sought were those related to drug-trafficking activities and did not violate the particularity requirement of the Fourth Amendment.

*Id.* at 697.

Here, the warrant authorizing the search of Advanced Medical similarly sought records specific to the criminal activity being investigated – House Calls Physicians' fraudulent Medicare billing:

> ITEMS TO BE SEIZED
>
> For the period of January 1, 2008, until the present, any and all of the following items concerning or related to Advanced Medical Billing Solutions and House Calls Physicians, PLLC, . . . .
>
> 1. All records related in any way to all House Calls Physicians patients including, without limitation, the following types of records: patient charts, files, records, treatment cards, prescription records, patient ledger cards, patient complaints, patient sign-in sheets, physician notes, nursing notes, medical assistant notes, physical therapy records, physical therapist notes, original patient or referral source listings.

(Gov't Resp., Ex. A, Attach. B at 1, ¶ 1.) It also sought evidence of financial documents, specifying particular types of documents, e.g., billing documents, financial and tax-related documents (*id.* at ¶¶ 2-3), related to investigation of fraudulent Medicare billing activities, health care fraud, and conspiracy to commit health care fraud. Applying the reasoning of

*Blair* here, the same result is reached. The warrant authorizing the search of Advanced Medical did not violate the particularity requirement of the Fourth Amendment.

Defendant's reliance on *United States v. Lazar*, 604 F.3d 230 (6th Cir. 2010), for a contrary result is misplaced. In *Lazar*, the government appealed a district court order granting a defendant's motion to suppress evidence seized from two medical offices during a health care fraud investigation. *Id.* at 232. The Sixth Circuit reversed the district court's decision in part, holding that "the warrant was particularized insofar as it described – and thus allowed seizure of – patient records based on any patient list that came before the issuing Magistrate Judge." *Id.* at 238. The same would not be true for "records of patients whose names did not appear on a patient list presented to the issuing Magistrate Judge." *Id.* Thus, the Sixth Circuit vacated the district court's order of suppression and remanded with instructions that the district court "determine which list – if any – came before the issuing Magistrate Judge, and to suppress only patient files seized beyond the scope of such list." *Id.* Defendant Lama Elhorr does not claim here that evidence should be suppressed because it was seized beyond the scope of the warrant.

The *Lazar* court affirmed the district court's decision to suppress all non-patient file evidence. Observing that "'[f]ailure to limit broad descriptive terms by relevant dates, will render a warrant overbroad,'" the *Lazar* court noted that the warrant at issue failed to do so and thus warranted "suppression of the non-patient file evidence." *Id.* (quoting *United States v. Ford*, 184 F.3d 566, 576 (6th Cir. 1999)). Here, Defendant cannot complain that broad descriptive terms like "books," "records," and "documents" were not limited by relevant dates. They were.

**D. Even If The Search Warrant Was Found Defective, the *Leon* Good**

**Faith Exception Would Apply**

Finally, contrary to Defendant's arguments here, the search warrant affidavit at issue in this criminal matter is far from "bare bones." Thus, even if the Advanced Medical search warrant was found to be defective, the *Leon* good faith exception would apply. *See United States v. Leon*, 468 U.S. 897 (1984); *United States v. Evers*, 669 F.3d 645, 654 (6th Cir. 2012) (rejecting the defendant's argument that search warrant affidavit was "bare bones" and holding that the *Leon* good-faith exception "which allows admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective" would apply) (internal quotation marks and citations omitted).

The Sixth Circuit has defined a "bare bones" affidavit as one "that states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge." *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996). For the reasons discussed above, the Court finds that the search warrant affidavit at issue here does provide sufficient factual information for a finding of probable cause. And Defendant provides no other argument why the *Leon* good-faith exception to the exclusion rule should not apply, if necessary.

### III. Conclusion

For the above-stated reasons, Defendant Lama Elhorr's motion to quash (already executed) search warrant and to suppress seized evidence [99] is DENIED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: November 3, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2014, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager